744 A.2d 172

IN THE MATTER OF LUIS A. ALUM, AN ATTORNEY AT LAW.

Argued November 9, 1999—Decided January 28, 2000.

*Nitza I. Blasini,* Deputy Ethics Counsel, argued the cause on behalf of the Office of Attorney Ethics.

*Raymond Barto,* argued the cause for respondent (*Kaps & Barto,* attorneys).

PER CURIAM.

This matter arises from a decision of the Disciplinary Review Board (DRB) concluding that respondent should receive a reprimand for his participation in a series of real estate transactions involving "silent seconds" or fictitious credits. The phrase "silent seconds" denotes that the borrower has obtained secondary financing to close a real estate transaction without disclosing to the first mortgage holder the need for such financing. Fictitious

credits for repairs that are not done artificially inflate the value of the property to allow for one hundred percent financing and, on occasion, to provide a borrower with surplus funds. Each practice endangers the lender's collateral. The DRB found that respondent's preparation and submission to lenders of misleading and false mortgage closing statements involved dishonesty, fraud, and deceit and therefore violated *RPC* 8.4(c).

To his credit, respondent has candidly, indeed, contritely, acknowledged his role in the sham transactions. The transactions occurred in 1988–1989 not long after respondent was admitted to the bar in 1983. He was then associated in practice with older practitioners who, he claimed, tolerated what was perceived as general acceptance of the practices in the lending community.

Following the Court's issuance of an Order to Show Cause in the matter, the Office of Attorney Ethics (OAE) urged the imposition of a suspension because of the gravity of the offenses. Respondent argued that the purposes of discipline would not be served by imposing a suspension, pointing out that he serves an underprivileged community and has undertaken in his practice substantial *pro bono* work.

In its decision, the DRB had found that

> [a]fter giving significant weight to the passage of time, respondent's candor and his unblemished record in the ten years following the within misconduct, the Board unanimously determined to impose a reprimand. In reaching its determination, the Board considered that reprimands were also imposed on ... [the other attorneys involved in the series of transactions]. Attorneys should, however, be forewarned that, in the future, similar misconduct will be met with more severe discipline.

■ Ordinarily, acts of dishonesty, such as the falsification of public documents or lending documents, warrant a period of suspension. *In re Di Biasi*, 102 *N.J.* 152, 506 *A.*2d 719 (1986); *In re Labendz*, 95 *N.J.* 273, 471 *A.*2d 21 (1984).

In rare instances, we have tempered such discipline when the passage of time has intervened. In *In re Kotok*, 108 *N.J.* 314, 331, 528 *A.*2d 1307 (1987), we concluded, based on "considerations of remoteness," that the goals and purposes of discipline would not be furthered by imposing a one-year suspension on an attorney whose offenses occurred ten years before, when he had just

entered the legal profession. During the intervening ten-year period the attorney had gained professional skills and experience so that the rehabilitative goal of discipline would not be advanced by the suspension. Nevertheless, we recognized the seriousness of respondent's offense. Hence, in *Kotok* we imposed a probationary sanction "embracing suitable conditions designed to further the goals and purposes of the attorney disciplinary system." *Id.* at 331, 528 *A.*2d 1307. *See also In re Stier,* 108 *N.J.* 455, 530 *A.*2d 786 (1987) (holding that conviction of disorderly persons offense of tampering with public records by making false entry into document of record, received and kept by government, warranted one-year term of suspension, suspended with probation).

Based on our review of the record, we find that a probationary sanction similar to that imposed on the respondent in *Kotok* is appropriate in this case. We find that respondent was guilty of improper conduct that violated *RPC* 8.4(c). Nevertheless, we are mindful that such transgressions occurred eleven years ago, and that in the intervening years respondent's record as an attorney has been unblemished and his service to the community has been exemplary.

Accordingly, we hold that the imposition of a one-year term of suspension is suspended, and respondent is placed on probation for the length of the term of suspension from practice, namely, one year. The condition of probation shall be that respondent must perform legal services of a community nature consisting of the equivalent of one day per week. These services shall be performed under the supervision of the OAE. Such services shall be rendered on behalf of Legal Services or, on application to the OAE, a comparable community service organization. On the satisfactory performance of the terms of probation, respondent's probation shall be discharged.

Respondent shall reimburse the Disciplinary Oversight Committee for appropriate administrative costs, including the production of transcripts.

*For suspended one-year suspension*—Chief Justice PORITZ and Justices O'HERN, GARIBALDI, STEIN, COLEMAN, LONG and VERNIERO—7.

*Opposed*—None.

## O R D E R

The Disciplinary Review Board having filed with the Court its decision concluding that **LUIS A. ALUM OF BERKELEY HEIGHTS**, who was admitted to the bar of this State in 1983, should be reprimanded for violation of *RPC* 8.4(c) by his unethical conduct in a series of real estate transactions;

And the Court having ordered respondent to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined that respondent's misconduct warrants the imposition of a one-year suspension from the practice of law but that because of the length of time that has passed since respondent's transgressions, his otherwise unblemished career as an attorney, and his exemplary service to the community, the term of suspension should be suspended and respondent should be placed on probation for a period of one year;

And good cause appearing;

It is ORDERED that the imposition of the one-year suspension of **LUIS A. ALUM** from practice is hereby suspended; and it is further

ORDERED that **LUIS A. ALUM** is placed on probation for a period of one year with the condition that he perform legal services of a community nature consisting of the equivalent of one day per week, said services to be performed under the supervision of the Office of Attorney Ethics and to be performed on behalf of Legal Services, or on application to the Office of Attorney Ethics, a comparable community service organization; and it is further

ORDERED that on the satisfactory performance of the terms of probation, respondent's probation shall be discharged; and it is further

ORDERED that the respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.